IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
|    Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:04-cv-8-MEF |
| ) | |
| PARCELS OF PROPERTY LOCATED ) | (WO-NOT FOR PUBLICATION) |
| AT 14 LEON DRIVE, HOUSTON ) | |
| COUNTY, ALABAMA, with all ) | |
| appurtenances and improvements thereon, ) | |
| *et. al.*, ) | |
| ) | |
|    Defendants. ) | |

**CORRECTED MEMORANDUM OPINION AND ORDER**

Because of a typographical error relating to footnote numbers in the Memorandum Opinion and Order (Doc. # 123) entered on May 25, 2006, the court will on this date enter a corrected version of the Memorandum Opinion and Order. This Corrected Memorandum Opinion and Order makes no substantive changes and is not intended to alter the official date of the Court's action. It is merely being entered to correct the typographical error and make the footnote numbers visible in the text.

In this case, the United States seeks to forfeit tracts of real property allegedly used by Kevin W. Turner in connection with violations of 18 U.S.C. §§ 2251, *et. seq*. Mary Leon Turner and Compass Bank each filed claims with respect to the property at issue (Docs. # 81 & 89). This cause is before the Court on the United States' Motion for Partial Summary Judgment Pursuant to Rule 56(d) of the Federal Rules of Civil Procedure (Doc. # 98). The United States requests that the Court find that the Defendant property is substantially

connected to illegal activity and that said illegal activity subjects the property to forfeiture pursuant to 18 U.S.C. § 2254(a)(2). Such a finding would leave only the "innocent owner" defense and the amount of Claimant Compass Bank's claim as the remaining issues for trial.

## I. Jurisdiction and Venue

This Court exercises subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1345 and 1355. Venue in this district is proper pursuant to 28 U.S.C. § 1355 because the alleged acts or omissions giving rise to the forfeiture occurred in this district and the property is located within this district.

## II. Summary Judgment Standard

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The party asking for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Id.* at 323. The movant can meet this burden by presenting evidence showing there is no dispute of material fact, or by showing the non-moving party has failed to present evidence in support of some element of its case on which it bears the ultimate burden of proof. *Id.* at 322-23.

Once the moving party has met its burden, Rule 56(e) "requires the nonmoving party to go beyond the pleadings and by [its] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Id.* at 324.  To avoid summary judgment, the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).  On the other hand, a court ruling on a motion for summary judgment must believe the evidence of the non-movant and must draw all justifiable inferences from the evidence in the non-moving party's favor.  *See, e.g., Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *McCormick v. City of Fort Lauderdale,* 333 F.3d 1234, 1243 (11th Cir. 2003) (the evidence and all reasonable inferences from the evidence must be viewed in the light most favorable to the non-movant).  After the non-moving party has responded to the motion for summary judgment, the court must grant summary judgment if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.  *See* Fed. R. Civ. P. 56(c).

> The mere existence of some factual dispute will not defeat summary judgment unless that factual dispute is material to an issue affecting the outcome of the case.  The relevant rules of substantive law dictate the materiality of a disputed fact.  A genuine issue of material fact does not exist unless there is sufficient evidence favoring the nonmoving party for a reasonable jury to return a verdict in its favor.

*Chapman v. AI Transp.,* 229 F.3d 1012, 1023 (11th Cir. 2000) (*en banc*) (quoting *Haves v. City of Miami,* 52 F.3d 918, 921 (11th Cir. 1995) (internal marks and citations omitted)).

3

### III.  Facts

The Court has carefully considered all documents submitted in support of and in opposition to the motion.  Viewed in the light most favorable to the Claimants, the submissions of the parties establish the following facts.

The Defendant property consists of real property located at 14 and 30 Leon Drive, Houston County, Alabama, with all appurtenances and improvements thereon.

In 1994 and 1995, Kevin Turner engaged in sexual acts with a fifteen-year-old male he met via computer.  During the sexual acts, Turner showed the male pornographic images on his computer and a pornographic video.  The images and video depicted teenage boys engaged in explicit sexual conduct.  The sexual acts and the display of the images and video occurred at and in the Defendant property.  Turner pled guilty to a sexual abuse charge as a result of his contact with this male and was sentenced to a term of probation.

In early 1998, Turner made contact, via computer, with a sixteen-year-old boy named M.S.  At that time, M.S. told Turner he was sixteen years old.  Turner offered M.S. money to have a friend take pictures of M.S. removing his clothes.  M. S. refused.  Turner also offered M.S. money in exchange for sexual acts, which M.S. accepted.  From March to July 1998, Turner performed sexual acts on M.S. at and in the Defendant property and gave M.S. money in exchange. In July or August 1998, M.S. attempted to stop the sexual relationship, but Turner threatened to expose the relationship to M.S.'s girlfriend and her parents, so the relationship continued.  In October 1998, Turner suggested that he and M.S. make a video of their sexual encounters, but M.S. refused.  In November or December 1998, Turner

revealed that, without M.S.'s knowledge, he had made a video or videos of M.S. engaging in explicit sexual conduct on at least two occasions at or in the Defendant property. Turner used the video(s) to force M.S. to continue their sexual relationship. M.S. later found (and destroyed) additional videos on Turner's computer(s), CDs, and VHS tapes located at and in the Defendant property. These videos also depicted M.S. engaged in explicit sexual conduct. In May or June of 1999, M.S. learned that Turner was soliciting sexual acts with another male juvenile via e-mail messages being sent using Turner's computer. The sexual relationship between Turner and M.S. ended in July 2000. After the relationship ended, Turner sent an e-mail message to M.S. which included a link to a website created by Turner depicting M.S. engaged in explicit sexual conduct and containing M.S.'s name and e-mail address. The website was available to anyone with Internet access.

On September 23, 2003, Turner was indicted on seven counts relating to sexual exploitation of a child and child pornography. Turner pled guilty to Counts Three through Seven, all of which concerned the transport, receipt, distribution, or possession of images and depictions in or by interstate or foreign commerce of a minor engaged in sexually explicit conduct. As part of his plea agreement, Turner forfeited certain computer equipment to the United States as a result of the equipment being used to commit and to promote the commission of the offenses to which he pled guilty. This equipment was kept, maintained, and used in and on the Defendant property.

## IV. Discussion

In a forfeiture case, the Government has the initial burden of proving by a

preponderance of the evidence that the property is subject to forfeiture. 18 U.S.C. § 983(c)(1). Where, as here, the "Government's theory of forfeiture is that the property was used to commit or facilitate the commission of a criminal offense, or was involved in the commission of a criminal offense" the Government must establish that there was a "substantial connection" between the property and the offense. 18 U.S.C. § 983(c)(3). The Government must establish the existence of a substantial connection by a preponderance of admissible, non-hearsay evidence. *United States v. $22,991.00, More or Less, in U.S. Currency*, 227 F. Supp. 2d 1220, 1231 & n.3 (S.D. Ala. 2002). There is no requirement that the Government tender direct evidence of a connection between the subject property and the offense; the presentation of circumstantial evidence is a permissible form of proof. *See id*.

In the Verified Complaint, the Government alleges numerous violations of 18 U.S.C. §§ 2251, *et. seq*., statutes which criminalize the sexual exploitation of children. The Government further alleges that these violations occurred in and on the Defendant property. Such allegations are sufficient to establish a "substantial connection" between the property and the offense. Furthermore, 18 U.S.C. § 2254(a)(2) provides that "any property, real or personal, used or intended to be used to commit or to promote the commission of an offense under this chapter involving a visual depiction described in section 2251, 2251A, 2252, 2252A, or 2260 of this chapter" is subject to civil forfeiture by the United States. Since the Government has proven violations of 18 U.S.C. §§ 2251, *et. seq*, the Government has also shown that the illegal activity subjects the property to forfeiture.

Claimant Turner[1] does not dispute any of these allegations, but instead argues that the Verified Complaint alone is not sufficient evidence to support the Government's motion for summary judgment.  However, if a verified complaint satisfies the standards for affidavits as set out in Federal Rule of Civil Procedure 56(e), it is considered to have an effect equivalent to that of an affidavit.  *See Barker v. Norman*, 651 F.2d 1107, 1115 (5th Cir. Unit A July 1981).[2]  As such, it is sufficient to support the Government's allegations.  Since those allegations are undisputed by Claimant Turner, partial summary judgment is due to be granted in favor of the United States.

### V.  Conclusion

For the reasons set forth above, it is hereby ORDERED that the United States' Motion for Partial Summary Judgment Pursuant to Rule 56(d) of the Federal Rules of Civil Procedure (Doc. # 98) is GRANTED.  At trial, the United States will not be required to produce evidence of Turner's illegal activity or its connection to the Defendant property.

DONE this the 4th day of August, 2006.

/s/ Mark E. Fuller
CHIEF UNITED STATES DISTRICT JUDGE

---

[1] Claimant Compass Bank reached a settlement with the United States and therefore did not file a response to the United States' motion for partial summary judgment.

[2] In *Bonner v. City of Prichard, Ala.*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit issued prior to October 1, 1981.